(47 South. 448.)

No. 16,993.

TAYLOR v. FISHER et al.

(Oct. 19, 1908.)

TRIAL (§ 106*)—ARGUMENT OF COUNSEL.

The hearing of an argument on one side of a case after submission, while irregular, is not good ground for setting aside the judgment, especially in the absence of any contestation of the correctness of the judgment.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 106.*]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice Ellis Edrington, Judge.

Action by William G. Taylor against Jules Fisher and others. Judgment for defendants, and plaintiff appeals. Affirmed.

James Barkley Rosser, Jr., for appellant. Frederick Anthony Middleton and E. Howard McCaleb, Jr., for appellees.

PROVOSTY, J. This is a jactitation suit, and defendant has set up title. Defendant claims to have acquired the title of plaintiff at tax sale. Plaintiff has not in this court impugned the validity of the tax sale, but has confined himself to an assignment of errors whereof the gist is that the case was argued below in the absence of himself and counsel, and without notice to them or either of them, or knowledge on their part of the case having been set for argument.

The minutes show that on November 9th the trial was concluded and the case submitted, and plaintiff given 10 days within which to file a brief, and that on January 16th the court rendered judgment after hearing argument from defendant's counsel, but in the absence of the plaintiff's counsel.

Counsel for the defense say it is not true that the case was argued on the 16th, as stated in the minutes; that said statement in the minutes must have been made inadvertently, and as the result of the clerk's having used for making his minute entry of the rendition of judgment the stereotyped form for entry of rendition of judgment. We have no doubt whatever of the truth of counsel's statement, but have no need of it for disposing of the case, since the hearing of argument on one side of the case after submission, while extremely irregular and not to be commended, would not be of itself good ground for setting aside the judgment, especially in the absence of any contestation of the correctness of the judgment.

Judgment affirmed.